UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ANDRE GRAMMER et al.,

        Plaintiffs,

  -v-                                                                 No. 12 Civ. 6005 (LTS)(JCF)

MERCEDES BENZ OF MANHATTAN/
MERCEDES BENZ USA, LLC et al.,

        Defendants.
-------------------------------------------------------x

MEMORANDUM ORDER

        In this action, Plaintiffs Andre Grammer ("Grammer") and Burnell Guyton ("Guyton") asserted claims of racial discrimination, hostile work environment and retaliation against Defendants Mercedes Benz of Manhattan/Mercedes Benz USA, LLC (their former employer) ("Mercedes") and individual Defendants Blair Creed ("Creed") and Myra Conzo ("Conzo") (collectively, "Defendants"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), et seq.; 42 U.S.C. § 1981; and the New York State Human Rights Law, New York Executive Law §§ 290 et seq. On November 4, 2013, the Court endorsed Plaintiff Guyton's voluntary stipulation of dismissal with prejudice, leaving only Plaintiff Grammer. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

        Currently pending before the Court are two motions. Defendants move to dismiss all claims asserted by Grammer, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), due to Grammer's lack of standing to litigate contingent claims that were not disclosed as assets in his Chapter 7 bankruptcy petition or, in the alternative, for summary judgment. Defendants also request that the Court impose sanctions against Plaintiff Grammer, including

reasonable attorneys' fees and costs, in an amount to be determined by the Court.  Plaintiff Grammer has filed a cross-motion to amend his amended complaint, pursuant to Federal Rules of Civil Procedure 15, 17 and 21, to substitute the Trustee of his Chapter 7 bankruptcy estate (the "Trustee") for himself as plaintiff as the real party in interest.  Because these motions are interrelated, the Court considers them together.  For the following reasons, the Court grants Defendants' motion to dismiss and grants Grammer's motion to amend.

BACKGROUND[1]

On May 16, 2011, Grammer completed an Intake Questionnaire ("Questionnaire") with the Equal Opportunity Employment Commission ("EEOC"), alleging that he had been terminated from his job at Mercedes on April 1, 2011, in retaliation for having complained about racial discrimination and harassment.  (Am. Compl. ¶ 13; Quesnel Aff., Ex G.)[2]  On August 5, 2011, Grammer received a letter with a copy of his Charge of Discrimination (the "Charge"), which informed him that the Questionnaire "constituted a charge of employment discrimination," but that before the EEOC began to investigate the Charge, Plaintiff had to "sign and return the enclosed Form."  (See Quesnel Aff., Ex. H.)  On August 30, 2011, the EEOC received the formal version of Grammer's Charge.  (Id., Ex. I.)

---

[1]   Only those facts most relevant to the instant motions are discussed below.

[2]   On January 3, 2011, Grammer filed a Chapter 13 petition with the U.S. Bankruptcy Court for the Northern District of Georgia.  At that point, Grammer had not filed the EEOC Charge and he testified in a deposition in this case that he did not think he had a discrimination claim at the time he filed the bankruptcy petition.  (Aron Decl., Ex. 2, Grammar Dep. pg. 216, 219-220, 243-44.)  Grammer's Chapter 13 petition was dismissed by the Bankruptcy Court on July 14, 2011.  (Aron Decl., Ex. 4.)

Meanwhile, on August 1, 2011, Grammer filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Georgia. (See Aron Decl., Ex. 1B.) The petition listed $127,247.00 in unsecured claims and included a Schedule B of Personal Property, in which Grammer, under penalty of perjury, was required to list "all personal property of the debtor of whatever kind." (Id., Ex. 1B, pgs. 23-25, 33.) Grammer included cash, home furnishings, clothing, jewelry, two automobiles and an estimate of the current value of each item on this list. (Id.) However, Grammer did not disclose any contingent claims against Mercedes or any of its employees as an asset of the bankruptcy estate and he did not list his pending EEOC Charge in response to the petition's requirement that he list "[o]ther contingent and unliquidated claims of every nature" and provide the "estimated value of each." (Id., Ex. 1B, pg. 24.) On November 22, 2011, the U.S. Bankruptcy Court for the Northern District of Georgia– without having been informed of any contingent claim or of the pendency of Grammer's EEOC administrative proceeding – entered an order discharging Grammer's debts and closing the proceeding.

Plaintiff testified that he did not report any potential claims in his Chapter 7 proceeding because he believed that the EEOC was in the process of investigating whether he had any legitimate, reportable cause of action against Defendants and that the EEOC would so inform him if it believed that he did have a claim. (Aron Decl., Ex. 2, Grammar Dep. 262-64, 277.)

On January 2, 2012, Grammer filed a second voluntary Chapter 13 bankruptcy petition. (Aron Decl., Ex. 6.) Again, Grammer did not list any contingent claim against Mercedes or against any Defendant in his petition and did not list his pending EEOC administrative proceeding against Mercedes. (Aron Decl, Exhibit 1B.) On June 4, 2012,

Plaintiff Grammer received a Notice of Right to Sue letter from the EEOC, informing him that the EEOC was terminating its processing of his charge and that he was entitled to file suit in federal or state court. (See Am. Compl., Ex. B.)

Grammer sued Defendants in this Court on August 6, 2012, alleging that he had suffered race discrimination, hostile work environment, harassment and retaliation while working for Mercedes. The parties began discovery and, on December 18, 2012, Defendants requested that Grammer produce "all documents concerning any lawsuits or administrative actions" filed by Plaintiff or in which Plaintiff participated as a party or witness. (See Def. Mem. in Support of Motion, at 7; Aron Decl., Ex. 1C.) This was followed by other similar requests in February and April to which Grammar did not respond. (Id., Exs. 1D, 1E.) On April 19, 2013, Grammer objected to the Defendants' discovery request for "production of other lawsuits, actions, [or] witness in other proceedings involving Plaintiffs," contending that those documents had no relevance to this litigation. (Id., Ex. 1E.)

On April 11, 2013, Grammer filed an Amended Schedule B list of assets in his pending Chapter 13 bankruptcy proceeding, listing "EEOC Claim v. Mercedes Benz Corporation" in the section for "[o]ther contingent and unliquidated claims of every nature." (Id. Ex. 7.) However, Grammer did not inform the Defendants in this case until August 21, 2013, during his deposition, of his various bankruptcy proceedings and that he had not disclosed the existence of a contingent claim against Defendants in any of those proceedings before April 2013. Upon learning of Plaintiff Grammer's pending bankruptcy proceeding, Defendants applied to this Court, asking that the instant case be stayed until the resolution of Grammer's Chapter 7 bankruptcy case, which the bankruptcy court was considering reopening. (See docket entry no. 31.) On September 6, 2013, the Court stayed this action for 45 days "or, if earlier, the

date 5 days after the Bankruptcy Court's ruling on the motion to reopen." (See docket entry no. 29.)

On September 9, 2013, the Bankruptcy Court in Atlanta, Georgia reopened Grammer's Chapter 7 bankruptcy case. (See Quesnel Aff, Ex. B.) On September 13, 2013, M. Denise Dotson (the "Trustee") was appointed Trustee of the Chapter 7 case. (Id., Ex. C.) On October 10, 2013, Grammer filed an Amended Schedule B with the Bankruptcy Court, identifying his prior complaint to the EEOC and this lawsuit for the first time with specificity, writing: "EEOC claim and Lawsuit: Andre Grammer vs. Mercedes Benz Manhattan et al., filed in Distsrict [sic] Court of New York, Civil Case No. 12-cv-6005(LTS/JCF) filed September 18, 2012 Debtor reserves the right to amend his exemption at such time as the asset' [sic] true value is determined." (Id., Ex. D.) On October 29, 2013, Girvin & Ferlazzo, P.C. (Grammer's counsel in this case) were appointed as special counsel for the Chapter 7 bankruptcy proceeding. (Id., Ex F.)

DISCUSSION

Defendants' Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, "detailed factual allegations" are not necessary; the complaint need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (internal quotation marks and citations

omitted). The court must accept as true all well-pleaded factual allegations and must draw all reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

In determining a Rule 12(b)(6) motion to dismiss, the Court may consider the complaint, any exhibits attached to the complaint, materials incorporated in the complaint by reference, and documents that, "although not incorporated by reference, are 'integral' to the complaint." Schwartzbaum v. Emigrant Mortg. Co., No. 09 Civ. 3848, 2010 WL 2484116, at *3 (S.D.N.Y. June 16, 2010) (citations omitted). "Courts may also properly consider 'matters of which judicial notice may be taken, or documents either in plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied on in bringing suit.'" Halebian v. Berv, 644 F.3d 122, 130, n. 7 (2d Cir. 2011) (internal quotation marks and citation omitted)).³ "To the extent that a Rule 12(b)(1) motion places jurisdictional facts in dispute – in this case, whether [plaintiff] disclosed the underlying lawsuit in his bankruptcy proceedings – a district court may properly consider evidence outside of the pleadings." Ibok v. SIAC-Sector Inc., 470 F. App'x 27, 28 (2d Cir. 2012) (internal quotation marks and citations omitted).

Defendants argue that Plaintiff Grammer's claims must be dismissed in their entirety because he lacks standing and his complaint is barred by judicial estoppel. Grammer concedes that he lacks standing to pursue his claims here. (See Pl. Opp/Cross-Mot. at 5.) When an individual petitions for bankruptcy, the Bankruptcy Code requires a debtor to list all potential contingent claims that the individual might have, which become the property of the estate. See Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008) ("[E]very

---

³ Because the documents that the Court relies on in this Memorandum Opinion are properly considered on a motion to dismiss, the Court does not treat Defendants' motion as one for summary judgment and, thus, does not rely on the parties' Local Civil Rule 56.1 Statements.

conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach," of the estate including "causes of action owned by the debtor . . .") (internal citations omitted)).  Even if Grammer's claims were not perfected until the EEOC filed its right to sue letter, if a debtor is aware of facts that may give rise to "a possible cause of action, then that is a 'known' cause of action such that it must be disclosed." Sea Trade Co. Ltd. v. FleetBoston Financial, Corp., 03 Civ. 10254(JFK), 2008 WL 4129620, at *12 (S.D.N.Y. Sept. 4, 2008) (citations omitted)).  Grammer's claims for employment discrimination, harassment and retaliation against the Defendants all arise out of incidents that occurred during his pre-bankruptcy employment and he knew about such claims before his Chapter 7 petition was filed. Such claims are thus the property of his estate.

        Judicial estoppel "prevent[s] a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy." Ibok, 470 F. App'x at 28 (citation omitted).  Because "the bankruptcy court adopted [Grammer's] representation that [his employment discrimination] claim did not exist when it discharged his debts and closed the [Chapter 7] bankruptcy case" and Grammer failed to disclose his EEOC claim, there are clear grounds for dismissing this case on the basis of judicial estoppel. Azuike v. BNY Mellon, ___F. Supp. 2d___, 2013 WL 3917264, at *5 (S.D.N.Y. July 30, 2013); see also Whitehurst v. 230 Fifth, Inc., No. 11 Civ. 767(KPF), 2014 WL 684826, at *18-19 (S.D.N.Y. Feb. 21, 2014) ("[b]ankruptcy petitioners have an affirmative obligation to disclose all assets to the bankruptcy court, including all causes of action that can be brought by the debtor" and finding that plaintiff's "bankruptcy clearly suffices to invoke judicial estoppel [because the plaintiff] to the prejudice of Defendants, presses claims against them that [plaintiff] failed to disclose in her bankruptcy petition") (internal quotation marks and citation omitted).  However, Grammer seeks leave to

amend his amended complaint to substitute his bankruptcy trustee for himself as the real party in interest.

Grammer's Motion to Amend

Leave to amend under Rule 15 should only be denied if there is a good reason for doing so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment etc. . . ." See Foman v. Davis, 371 U.S. 178, 182 (1962). "[T]he grant or denial of an opportunity to amend [a complaint] is within the discretion of the District Court . . ." Id.  Here, Defendants argue that there is evidence of undue delay and that allowing the amendment would be futile.

Undue Delay

When considering whether a movant has unduly delayed, "courts consider (1) the duration of the delay and (2) the explanation offered for the delay." Collins v. Caron, No. 10 Civ. 1527 (GTS/RFT), 2013 WL 1294454, at *4 (N.D.N.Y. Mar. 28, 2013) (citation omitted). Where plaintiff "advances no reason for his extended and undue delay other than ignorance of the law, such a failure has been held an insufficient basis for leave to amend." Goss v. Revlon, Inc., 548 F.2d 405, 407 (2d Cir. 1976); see also, In re GPC Biotech AG Sec. Litig., No. 07 Civ. 6728(DC), 2009 WL 5125130, at *5 (S.D.N.Y. Dec. 29, 2009) (denying plaintiff's motion to amend because "substantial and undue" delay was "largely the fault of plaintiffs" whose "explanations for failing to uncover their errors earlier are not satisfactory").

Here, the Court's Pre-Trial Scheduling Order required that all applications to amend pleadings or join parties be made by February 1, 2013, and provided that "good cause" for extension of a deadline "does not include circumstances within the control of counsel or the client." (See docket entry no. 22.) On August 21, 2013, Plaintiff appeared for his deposition and, for the first time, told Defendants about the discharged Chapter 7 bankruptcy proceeding. Defendants assert that had Grammer timely disclosed the existence of his Chapter 7 proceeding, it would have made possible a timely motion to substitute the Trustee and they argue that Grammer has not explained why he did not do so. Defendants argue that the EEOC had notified Grammer by letter on August 5, 2011, that the document that he had submitted constituted a charge of employment discrimination, and so Grammer would have known for two years before his deposition in this case that he had a pending claim against the EEOC. Defendants also argue that Grammer objected to discovery requests that were tailored to uncover other lawsuits and proceedings involving him and, as recently as April 19, 2013, asserted that he was not involved in any other proceeding that had any relevance to this case.

However, Grammer argues that his failure to disclose his potential claims was inadvertant and that he did not report a potential claim against Defendants during the Chapter 7 proceeding because he believed that the EEOC was investigating whether he had a legitimate reportable cause of action against the Defendants. Grammer also testified that he believed that the EEOC would inform him when he had a claim against Defendants and that after he received a Notice of Right to Sue Letter from the EEOC and commenced this suit on August 6, 2012, he voluntarily amended his pending Chapter 13 Petition to advise the Bankruptcy Court that he was pursuing claims relating to his termination from employment. Grammer further contends that he made this motion to amend as soon as possible and that immediately after he learned that he

should have reported his potential claims against Defendants in his Chapter 7 proceeding, he contacted the Trustee, reopened his Chapter 7 bankruptcy case, and moved to substitute the Trustee as the real party in interest.

The Court finds that Plaintiff has offered a reasonable justification for the delay in making the motion to substitute the Trustee as plaintiff.  Fewer than twenty months have elapsed since the commencement of the lawsuit, the case was stayed briefly in the beginning of September, discovery will remain substantially the same, and the case can proceed directly to dispositive motion practice and/or trial.  Moreover, the substitution of the Trustee as the plaintiff will not change the nature of the claims or the evidence proffered to support them.  See Advanced Magnetics, Inc. v. Bayfront Partners Inc., 106 F.3d 11, 20 (2d Cir. 1997) (a "substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants") (citation omitted).

Futility

Defendants also argue that any motion to amend would be futile.  "The party opposing a motion to amend bears the burden of establishing that an amendment would be futile. . . . A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)" of the Federal Rules of Civil Procedure.  Ballard v. Parkstone Energy, LLC, 06 Civ. 13099, 2008 WL 4298572, at *3 (S.D.N.Y. Sept. 19, 2008) (internal quotation marks and citations omitted).  "Under the Bankruptcy Code, the trustee stands in the shoes of the bankrupt corporation" or bankrupt party and is generally subject to the same claims/defenses.  See, e.g., Mannucci v. Cabrini Med. Ctr. (In re Cabrini Med. Ctr.), 489 B.R. 7,

16 (S.D.N.Y. 2012).  According to Defendants, substituting the Trustee would not save this case as the Trustee stands in the shoes of the debtor and thus would be judicially estopped from bringing this suit.  However, in this unique situation "[w]here a former debtor commences an action and asserts claims that belong to her bankruptcy estate, the usual remedy is to substitute as the real party in interest the trustee of the bankruptcy estate in the place and stead of the former debtor."  See Kohlbrenner v. Victor Belata Belting Co., Inc., No. 94 Civ. 0915E(H), 1998 WL 328639, at *2 (W.D.N.Y. June 3, 1998) (allowing trustee of the re-opened bankruptcy estate to be substituted as a plaintiff in the plaintiff's employment discrimination action in federal court instead of dismissing the case "in order to avoid injustice").  "[W]ithout regard to applicable limitations periods[,] . . . [courts] have allowed substitution or joinder of a bankruptcy trustee for an employment discrimination plaintiff who had filed a bankruptcy petition after the accrual of his or her claims."  Id.  (citing cases).

Judicial estoppel does not bar a trustee who has been substituted into a bankruptcy case because the trustee "has never abandoned [the plaintiff's] discrimination claim and [the trustee] never took an inconsistent position under oath with regard to [such] claim[s]." Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004) ; see also Kassner v. 2nd Avenue Delicatessen Inc., No. 04 Civ 7274(GBD), 2005 WL 1018187, at *4 (S.D.N.Y. Apr. 29, 2005) (court ordered that the plaintiff who had failed to disclose his employment discrimination claims to the trustee of his bankruptcy proceeding, had to disclose those claims so that the "trustee [could] be substituted as the named plaintiff in the place of the debtor"); Reed v. City of Arlington, 650 F.3d 571, 579 (5th Cir. 2011) (en banc) ( "[a]bsent unusual circumstances, an innocent bankruptcy trustee may pursue for the benefit of creditors a judgment or cause of action

that the debtor – having concealed that asset during bankruptcy – is himself estopped from pursuing").

Furthermore, the application of judicial estoppel against the Trustee here would not be equitable "particularly in light of the fact that the Trustee was not aware of the claims . . . [and] [r]efusing to permit the substitution of the Trustee as the real party in interest . . . would represent a significant detriment to the Trustee and, more importantly, to [the plaintiff's] creditors while at the same time permitting Defendant to receive a possible windfall by virtue of not being held accountable for its allegedly illegal actions." Canterbury v. Federal-Mogul Ignition Co., 483 F. Supp. 2d 820, 827 (S.D. Iowa 2007). Accordingly, Defendants' motion to dismiss is granted and Plaintiff Grammer's motion to amend the amended complaint to substitute the Trustee as the real party in interest is granted.

However, while estoppel of the Trustee, who did not conceal Grammer's alleged employment discrimination claims and who seeks to recover on behalf of the estate and its creditors, is not equitable, Grammer himself is estopped from seeking to recover, directly or indirectly, due to his failure to schedule this case in his August 1, 2011, Chapter 7 bankruptcy petition. Therefore, Grammer will be permitted to substitute the Trustee, who may litigate the claims solely for the benefit of the estate and its creditors, but the Trustee may not seek any recovery for Grammer's benefit. The Trustee's recovery of damages will be limited to an amount sufficient to cover the unsatisfied claims against Grammer's Chapter 7 estate and any unpaid administrative expenses of that estate. If the Trustee seeks to proceed, through substitution for Grammer as the plaintiff in this action, a second amended complaint reflecting the limitations established by this Memorandum Order must be filed within 30 days of the entry of this Order.

Sanctions Motion

Defendants also argue that they should be awarded attorneys' fees and costs incurred in defending against Grammer's claim pursuant to Rule 11.  "[T]he standard for triggering sanctions under Rule 11 is objective unreasonableness."  Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 178 (2d Cir. 2012) (internal quotation marks and citation omitted).  Courts have granted sanctions when plaintiffs lack standing and file claims "warranted neither by existing law nor by a nonfrivolous argument for the extension, modification or reversal of existing law."  See Inter-County Resources, Inc. v. Medical Resources, Inc., 49 F. Supp. 2d 682, 685 (S.D.N.Y. 1999).  However, sanctions imposed pursuant to Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," Fed. R. Civ. P. 11(c)(4), and any decision to sanction a party or attorney must be "made with restraint and discretion."  Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 57 (2d Cir. 2000) (internal quotation marks and citation omitted).

Defendants argue that Grammer's actions warrant sanctions in the form of attorneys' fees and costs to Defendants because Grammer failed to list any contingent unliquidated claim against any Defendants in his Chapter 7 Bankruptcy Petition and refused to produce discovery on prior bankruptcy filings in response to document requests in this case and then refused to take a voluntary dismissal when these facts came to light.  Defendants also contend that Grammer has no excuse for not substituting the Trustee as the real party in interest earlier and that he held himself out wrongly as having standing throughout this action.  However, Grammer testified that he did not realize that he had a claim when he was filing his Chapter 7

bankruptcy petition and thought that the EEOC was still investigating the case.  There is no evidence that Grammer filed this case for an improper purpose; or with claims or defenses or legal contentions not warranted by existing law; or with factual contentions or denials of factual contentions without evidentiary support.  See Fed. R. Civ. P. 11.  Aside from speculation and conjecture, Defendants offer no evidence to support the existence of any nefarious motive on Grammer's part.  Plaintiff Grammer's conduct does not rise to the level of conduct that warrants sanctions under Rule 11.[4]

## CONCLUSION

Accordingly, Defendants' motion to dismiss the amended complaint is granted.  Plaintiff Grammer's cross-motion to amend is also granted.  Plaintiff must serve and file within 30 days of the entry of this order a second amended complaint substituting the Trustee as the plaintiff in this action, and incorporating the limitations imposed by this Memorandum Order.  Defendants' previously-filed answer (docket entry no. 15) will be deemed a response thereto.  If no timely second amended complaint is filed, the dismissal of the amended complaint will be treated as one with prejudice as to the Trustee as well as with respect to Grammer's personal claims, and the case will be closed without further advance notice.

This case remains referred to Magistrate Judge Francis for general pretrial management.

---

[4] Grammer also argues that Defendants' motion for sanctions is improperly included with the motion to dismiss and was not properly served.  (See Pl. Opp/Cross Mot. at 18.)  Because the Court finds that Grammer's actions do not warrant sanctions, it does not consider this argument.

This Memorandum Order resolves docket entry numbers 33 and 50.

SO ORDERED.

Dated: New York, New York
       March 13, 2014

/S
LAURA TAYLOR SWAIN
United States District Judge